O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KINNARD,<br><br>　　　　　Plaintiff,<br>　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　　　　Defendant. | Case No. EDCV 11-1074-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 6, 8.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 10 at 3.)

## I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff's fibromyalgia was not a severe medically determinable impairment;
2. Whether the ALJ properly considered the November 18, 2009, medical source statement of Plaintiff's treating physician;
3. Whether the ALJ properly gave more weight to the non-examining physicians than to the treating physician; and
4. Whether the ALJ properly considered Plaintiff's credibility.

(JS at 3.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450,

1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of obesity, arthritis in the knees, epicondylitis of the elbows, and lumbosacral strain. (Administrative Record ("AR") at 12.)  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work with the following limitations:  Plaintiff is able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour day; sit for six hours in an eight-hour day; occasionally bend, stoop, kneel, balance, crawl, crouch, and squat; and occasionally climb ramps and stairs. (Id. at 14.)  She can never climb ladders, ropes, or scaffolds; be exposed to extreme cold; work around vibrating machinery; or work at unprotected heights. (Id.)  Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cashier, fast-food worker, and teacher aide/tutor. (Id. at 18.)

**B.    Substantial Evidence Does Not Support the ALJ's Finding That Plaintiff's Fibromyalgia Is Not a Medically Determinable Impairment.**

Although Plaintiff argues that the ALJ erred in finding that her fibromyalgia is non-severe (JS at 3, 9-10), in fact, the ALJ found that Plaintiff's fibromyalgia did not even amount to a medically determinable impairment. The ALJ explained:

> The undersigned notes the claimant made complaints of "whole body pain," and the treating physicians suggested fibromyalgia as a possible cause of this pain. Fibromyalgia is a disorder defined by the American College of Rheumatology (ACR) and the Social Security Administration recognizes it as medically determinable if there are signs that are clinically established by the medical record. The signs are

3

> primarily the tender points. The ACR defines the disorder in patients as "widespread pain in all four quadrants of the body for a minimum duration of 3 months and at least 11 of the 18 specified tender points which cluster around the neck and shoulder, chest, hip, knee, and elbow regions." Other typical symptoms, some of which can be signs if they have been clinically documented over time, are irritable bowel syndrome, chronic headaches, temporomandibular joint dysfunction, sleep disorder, severe fatigue, and cognitive dysfunction. Based on the above-described criteria, the undersigned finds fibromyalgia is not a medically determinable impairment in this case because there are no such signs documented in the medical record.

(AR at 13-14.)

Under applicable regulations, a medically determinable impairment is one that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1508, 416.908, 404.1520a(b)(1), 416.920a(b)(1). "Common symptoms [of fibromyalgia] include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease." Benecke v. Barnhart, 379 F.3d 587, 589-90 (9th Cir. 2004). As the Ninth Circuit explained:

> Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis.

Id. at 590 (citation omitted). Fibromyalgia is defined as "widespread pain in all

four quadrants of the body for a minimum duration of 3 months and at least 11 of the 18 specified tender points which cluster around the neck and the shoulder, chest, hip, knee, and elbow regions." See Frederick Wolfe, et. al, The American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia: Report of the Multicenter Criteria Committee, 33 Arthritis & Rhuematism 160-72 (1990) ("1990 Criteria").

The ALJ's assessment of the medical record as being devoid of any clinically established signs of fibromyalgia is simply incorrect. Plaintiff's treating physician, D. Ramaswamy, M.D., reported Plaintiff's constant complaints of body pain and stiffness. (AR at 277-78, 283-84, 304, 311-16, 318.) After examination, Dr. Ramaswamy noted that Plaintiff was positive for twelve of eighteen tender points specific to fibromyalgia. (Id. at 282.) Dr. Ramaswamy noted his diagnosis of fibromyalgia repeatedly and referred Plaintiff to a rheumatologist.[3] (Id. at 278, 282, 284, 311-12, 318.)

On November 18, 2009, Dr. Ramaswamy completed a Medical Source Statement Concerning the Nature and Severity of an Individual's Fibromyalgia. (Id. at 333-37.) In that form, Dr. Ramaswamy identified clinical findings that supported his diagnosis of fibromyalgia, including tender points, dry eyes, and body tenderness. (Id. at 333.) Dr. Ramaswamy further indicated that Plaintiff complained of tender points, nonrestorative sleep, chronic fatigue, and Sicca symptoms.[4] Dr. Ramaswamy reported that Plaintiff suffered from bilateral pain in

---

[3] The record does not contain medical records from a rheumatologist. The Court has no way to determine whether the lack of records is due to Plaintiff's failure to visit a rheumatologist or whether the records from such a visit were not included with the record.

[4] Sicca syndrome, or Sjogren syndrome, is an autoimmune disorder causing dry mouth and eyes. See PubMed Health, http://www.ncbi.nlm.nih.gov/

(continued...)

the spine, chest, shoulders, arms, hands/fingers, hips, legs, and knees/ankles/feet. (Id. at 334.)[5]

In addition to the records from Dr. Ramaswamy, treatment records from Riverside County Regional Medical Center show that Plaintiff was treated for pain and released with discharge instructions for fibromyalgia.[6] (Id. at 320-28.)

The treatment records detailed above include the medically acceptable indicators of fibromyalgia discussed by the Ninth Circuit in Benecke. 379 F.3d at 589-90; see also 1990 Criteria, at 160-72. Accordingly, the ALJ erred in finding that Plaintiff's fibromyalgia was not a medically determinable impairment.

For the foregoing reasons, remand is warranted to allow the ALJ to reconsider the Step Two evaluation in light of Plaintiff's medically determinable impairment of fibromyalgia.[7]

/ / /

---

[4](...continued) pubmedhealth/PMH0001491. The disorder has been linked to patients suffering from fibromyalgia. Oxford Journals, http://rheumatology.oxfordjournals.org/content/41/4/416.full; PubMed Health, http://www.ncbi.nlm.nih.gov/pubmed/10406256, http://www.ncbi.nlm.nih.gov/pubmed/21176426. Dr. Ramaswamy's notes reflect an ongoing diagnosis and treatment of Sicca syndrome in Plaintiff. (AR at 278-81, 304, 311, 333, 339-43.)

[5] In addition to identifying the symptoms and clinical findings with respect to Plaintiff's fibromyalgia, Dr. Ramaswamy offered his assessment of Plaintiff's functional limitations.

[6] The treatment records from this hospital visit appear to be incomplete. There are no records of Plaintiff's complaints, symptoms, or diagnoses. As noted, however, Plaintiff was discharged with instructions for the treatment of fibromyalgia.

[7] The Court expresses no opinion as to whether Plaintiff's fibromyalgia should be considered a "severe" impairment at Step Two of the sequential disability analysis.

**C.   The ALJ Failed to Properly Consider the Opinions of the Treating Physician.**

In related claims, Plaintiff contends that the ALJ failed to give appropriate weight to the findings of her treating physician.  First, Plaintiff argues that the ALJ improperly rejected the opinions of Dr. Ramaswamy, as detailed in the November 18, 2009, Medical Source Statement.  (JS at 26-31, 35-36.)  Plaintiff further complains that the ALJ erred in giving greater weight to the opinions of the non-examining physicians than to Dr. Ramaswamy.  (Id. at 36-40.)

As explained above, Dr. Ramaswamy diagnosed and treated Plaintiff for fibromyalgia.  In particular, on November 18, 2009, Dr. Ramaswamy completed a Medical Source Statement Concerning the Nature and Severity of an Individual's Fibromyalgia.  (AR at 333-37.)  In addition to the details of the report summarized above, Dr. Ramaswamy reported that during a typical workday, Plaintiff would frequently experience pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks.  (Id. at 334.)  Dr. Ramaswamy opined that Plaintiff was incapable of even low stress jobs.  (Id.)  He explained that Plaintiff can walk less than one block without rest or severe pain; can sit for fifteen minutes at one time, and for about two hours in an eight-hour workday; can stand/walk for ten minutes at one time, and for about two hours in an eight-hour workday; Plaintiff must use a knee brace and a wrist brace; and Plaintiff will often have to take unscheduled one-hour breaks during an eight-hour workday.  (Id. at 335.)  Dr. Ramaswamy further explained that Plaintiff's legs should be elevated waist-high for a total of 50% of an eight-hour workday. According to Dr. Ramaswamy's report, Plaintiff could occasionally look down, turn head right or left, and look up; rarely lift ten pounds, twist, stoop, and crouch; and never lift more than ten pounds, climb ladders, or climb stairs.  (Id. at 336.) Dr. Ramaswamy reported that Plaintiff suffered significant limitations with reaching, handling, or fingering.  (Id.)  Finally, Dr. Ramaswamy indicated that

Plaintiff could be expected to miss about three days of work a month as a result of her impairments or treatment. (Id.)

In his decision, the ALJ offered the following discussion concerning Dr. Ramaswamy's report:

> The undersigned has read and considered the *Medical Source Statement re: Fibromyalgia* completed by Dharmarajan Ramaswamy, M.D., dated November 18, 2009. Dr. Ramaswamy indicated the claimant meets the criteria of fibromyalgia. This checklist-style form appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions. Dr. Ramaswamy noted the claimant has tender points. However, there are no such signs documented in the medical record other than the claimant's subjective complaints. The undersigned finds this evidence has no probative value because it is not supported by any objective evidence.
>
> In this case, the opinion of this treating source is not given controlling weight because the medical records do not document significant positive objective clinical or diagnostic findings to support the assessed functional limitations and because these extreme functional limitations are inconsistent with the record as a whole including the tender points and diagnosis of fibromyalgia.

(Id. at 16-17 (citations omitted).)

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747,

751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). Where the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, as will be assumed to be the case here[8], it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (citation and quotation omitted).

First, the ALJ concluded that Dr. Ramaswamy completed the form as an accommodation to Plaintiff. (AR at 16.) The ALJ seems to imply by this statement that Dr. Ramaswamy offered a biased assessment simply to appease Plaintiff. However, there is no indication in the record that Dr. Ramaswamy offered anything other than an honest assessment. "The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits." Lester, 81 F.3d at 832. Accordingly, this justification by the ALJ, without more, does not amount to a legitimate reason for rejecting Dr. Ramaswamy's report.

Next, the ALJ concluded that the report was a checklist-style form that

---

[8] Plaintiff argues that Dr. Ramaswamy's findings are not controverted because no other doctor addressed the diagnosis of fibromyalgia. (JS at 36.) However, the doctor's findings with respect to Plaintiff's functional limitations do appear to be controverted by other medical sources. Even viewing the evidence in favor of Defendant, and finding that Dr. Ramaswamy's findings are controverted, the Court still finds error.

9

"includes only conclusions regarding functional limitations without any rationale for those conclusions." (AR at 16-17.) An ALJ may discount a check-the-box report that does not explain the basis of its conclusions. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report); see also Thomas, 278 F.3d at 957 (an ALJ "need not accept the opinion of any physician, including treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"). Here, however, Dr. Ramaswamy noted the clinical findings supporting his opinions and listed Plaintiff's symptoms. In addition, the report in question was accompanied by Dr. Ramaswamy's treatment notes detailing the history of Plaintiff's illness. While Dr. Ramaswamy's notes might contain little in the way of objective support for his diagnosis of fibromyalgia and the related physical limitations, this is the nature of the disease. Benecke, 379 F.3d at 590 ("Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms.). The Court is unclear what other "rationale" Dr. Ramaswamy could have provided in support of his conclusions regarding Plaintiff's fibromyalgia.

Similarly, the ALJ complains that Dr. Ramaswamy's report is not supported by any objective evidence and that "the medical records do not document significant positive objective clinical or diagnostic findings to support the assessed functional limitations." (AR at 17.) Again, fibromyalgia is a disease "diagnosed entirely on the basis of [the] patients' reports of pain and other symptoms." Benecke, 379 F.3d at 590. The ALJ could not expect to find objective evidence of fibromyalgia.

Finally, it appears that the ALJ also rejected Dr. Ramaswamy's report because it was inconsistent with other evidence of record. (AR at 17.) However, this inconsistency is what triggers the ALJ's duty to provide specific and

legitimate reasons for rejecting the examining source, but it is not a reason in and of itself to reject the medical source. Cf. SSR 96-2p ("[a] finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator").

Accordingly, although the ALJ provided specific reasons for rejecting Dr. Ramaswamy's report, the Court finds that the ALJ's reasons were not legitimate reasons based on the substantial evidence of record. The ALJ's failure to provide legally sufficient reasons for discounting Dr. Ramaswamy's report regarding Plaintiff's condition warrants remand. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to "the specific medical opinions and findings he rejects"); see, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (citation omitted).

Based on the foregoing, the Court finds that remand is required for the ALJ to set forth legally sufficient reasons for rejecting Dr. Ramaswamy's report, if the ALJ again determines rejection is warranted.[9] After reassessing the findings of Dr. Ramaswamy, the ALJ must then again determine what weight should be given to the other medical sources of record.

**D.    The ALJ Failed to Properly Considered Plaintiff's Credibility.**

Finally, Plaintiff contends that the ALJ improperly rejected her subjective complaints of impairment. (JS at 40-52, 56-57.)

In his decision, the ALJ rejected Plaintiff's credibility as follows:

---

[9] The Court expresses no view on the merits.

11

> The undersigned finds the claimant's allegations concerning the intensity, persistence and limiting effects of his [sic] symptoms are less than fully credible. The allegations of severe and constant pain are inconsistent with the objective medical evidence which indicates an attempt by the claimant to exaggerate the severity of his [sic] symptoms. The claimant's description of the severity of the pain has been so extreme as to appear implausible. The claimant insisted her pain level is at 10 even after clarification that a pain of level of 10 would necessitate hospitalization. She also maintained this pain is constant and occurs daily. Despite such severe pain, the claimant acknowledged she occasionally cooks, shops and independently performs personal hygiene. Most instructive, while the claimant described debilitating physical pain, she continues to serve as a foster parent to three minor children.

(AR at 15.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v.

Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284. SSR 96-7p further provides that an individual may be less credible for failing to follow prescribed treatment without cause. SSR 96-7p.

Here, the ALJ made his assessment of Plaintiff's credibility based on a finding at Step Two that Plaintiff's fibromyalgia was not a medically determinable impairment. As explained, the assessment of a claimant's credibility requires first that the claimant produce objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain. The ALJ must then consider the claimant's complaints with respect to that impairment. See Cotton, 799 F.2d at 1407. However, because the ALJ rejected the existence of Plaintiff's fibromyalgia as a medically determinable impairment, it is not clear that the ALJ considered this impairment in assessing Plaintiff's subjective complaints of pain. Thus, this action must be remanded also to allow the ALJ to properly consider Plaintiff's subjective complaints of impairment after reassessing the medical evidence in accordance with this decision.

/ / /

/ / /

## IV.
## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: March 28, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge